UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MALIA, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., *et al.*, <br><br> Defendants. | Civ. No. 2:17-5155 (WJM) <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff William Malia files suit against Amazon.com, Inc. ("Amazon") and his former employer All Points Trucking and Courier Service, All Points Courier Service, Inc. d/b/a Thruway Direct, Kevin Meyer ("Meyer"), Leigh Hodge, Office Staff Consulting Inc. (collectively, "Thruway"), and other unnamed individuals and entities, alleging Amazon and Thruway violated the New Jersey Conscientious Employee Protection Act ("CEPA") when they terminated him in retaliation for his whistleblowing activity.[1] The matter comes before the Court on Amazon and Thruway's Federal Rule of Civil Procedure Rule 12(b)(6) motions to dismiss. No oral argument was held. FED. R. CIV. P. 78(b). For the reasons below, the motions to dismiss are **GRANTED**.

### I.  BACKGROUND[2]

As president and owner of Thruway—a contracted company providing delivery and courier services to customers, including Amazon—Meyer hired Malia as its Regional Director of Operations. Am. Compl. ¶¶ 12, 14–15, ECF No. 11–4. In offering, hiring, and then terminating Malia's position with Thruway, Meyer set the terms and conditions of Malia's employment. *Id.* ¶¶ 15, 49.

---

[1] Apart from the CEPA claims, Malia included claims for violating the New Jersey Wage Payment Law ("NJWPL"), N.J. STAT. ANN. § 34:1–4.6(b), 4.7. Through stipulation, the parties agreed to dismiss the NJWPL claims with prejudice. ECF No. 16. Also, through stipulation, Thruway will leave undisturbed Malia's breach of contract claim added in the Amended Complaint. *See* Decl. of Kevin Doherty ¶ 4, Ex. 2, ECF No. 15–3.

[2] In filing opposition, Malia filed a notice to amend the complaint and included it as an exhibit. *See* Notice of Cross-Mot. to Amend the Compl., ECF No. 11; Cert. of Counsel, Ex. 4, ECF Nos. 11–3, 4. The Court grants the cross-motion to amend the complaint but, for the reasons discussed in this Opinion, denies the opportunity to replead the allegations giving rise to the CEPA claims.

1

While at Thruway, Malia's responsibilities included overseeing, managing, and directing packing and courier services in the New York, New Jersey, and Pennsylvania markets and handling personnel issues. *Id.* ¶ 18. Part of these responsibilities included interacting with Amazon management to address transportation and logistics matters. *Id.* ¶ 20. As a supplier, Amazon would conduct audits of contracted companies like Thruway to ensure compliance with its Supplier Code of Conduct. *Id.* ¶ 28. In overseeing Thruway's delivery operations, Malia avers Amazon and Thruway acted as joint employers. *Id.* ¶ 22.

Malia received complaints from Thruway's New Jersey-based drivers that Thruway withheld "Pennsylvania, rather than New Jersey, workers' compensation deductions from their paychecks while living and delivering Amazon products in New Jersey." *Id.* ¶ 37. Months later, unsure if they would receive coverage in a work-related accident, Thruway's drivers complained to Malia again about the workers' compensation deduction issue. *Id.* ¶¶ 41, 45. Malia reasonably believed the deductions were unlawful and complained to Meyer about this perceived unlawful practice because Thruway "exposed the drivers to medical and financial ruin in the event of a work related [*sic*] accident." *Id.* ¶¶ 38–39, 42, 44–45.

During this time, Amazon knew about Thruway's workers' compensation practices through its oversight and audits of Thruway's business records. *Id.* ¶ 47. For instance, while on a conference call with an Amazon auditor, Malia and Thruway representatives discussed Thruway's deliveries and payroll of its drivers. *Id.* Months later, Meyer terminated Malia's employment. *Id.* ¶ 49. Malia then filed suit in state court and Amazon timely removed. *See* ECF No. 1.

Amazon and Thruway now move to dismiss the CEPA claims. Amazon argues it never employed Malia and thus he cannot be considered its "employee" under CEPA. *See* Amazon's Reply Br. 7, ECF No. 14. Also fatal to the CEPA claim, Amazon argues it had no part in Thruway's decision (through its owner, Meyer) to terminate Malia's employment. *Id.* at 9. Now Thruway contends Malia has failed to establish a prima facie CEPA case because he lacked an objectively reasonable belief as to its workers' compensation practice violating any law or policy and also there lacks a substantial nexus between the whistle-blowing activity and the retaliatory employment action. *See* Thruway's Reply 5, 7, ECF No. 15.

Both Amazon and Thruway take issue with Malia's wholesale revision of the allegations and the basis for submitting the Amended Complaint. After filing its motions to dismiss, Malia changed the facts that formed the basis for the retaliatory discharge and chalked up filing the Amended Complaint as to having "inadvertently filed an unapproved draft of the complaint rather than the finalized and approved version." Pl.'s Opp'n 2, ECF No. 11.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement,' [ ] it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

Amazon contends it never directly employed Malia, it cannot be considered a joint employer with Thruway, and it had no part in the adverse employment action required to sustain a CEPA retaliation claim. Malia insists he formed an employment relationship with Amazon.[3] The Court agrees with Amazon.

### A. The Amended Complaint fails to show a direct or joint employer relationship to underpin Malia's CEPA claim against Amazon, and to permit an amendment would be futile.

Inherent in a CEPA retaliation claim is one of an employer-employee relationship. N.J. STAT. ANN. § 34:19–3. The facts here show Malia "perform[ed] services for and under the control and direction of" Thruway and Meyer "for wages or other remuneration." *Id.* § 34:19–2b. Since Thruway—not Amazon—outlined Malia's job responsibilities, supervised his work, evaluated his performance, set his compensation terms, and terminated his employment, there lacks a basis to even consider the 12-factor *Pukowsky* test New Jersey courts use to address a joint employment theory under CEPA.

---

[3] Prior to filing its motion to dismiss, Amazon asked Malia's counsel to withdraw the claims against it. The July 5, 2017, letter contains legal arguments to warrant dismissal. First, Amazon had no control over the terms and conditions of Malia's employment. And second, nowhere in the original Complaint did Malia assert Amazon was his direct or joint employer. *See* Lynch Decl., Ex. A, ECF No. 14–1. In lieu of a response, Malia's counsel submitted an Amended Complaint which addressed the substantive arguments in the letter.

*See D'Annunzio v. Prudential Ins. Co.*, 891 A.2d 673, 676–77 (N.J. Super. Ct. App. Div. 2007) (citing *Pukowsky v. Caruso*, 711 A.2d 398 (N.J. Super. Ct. App. Div. 1998)). Despite a wholesale revision of its theory of the case and attempts to avoid dismissal in repleading new facts to keep Amazon in the fight, Malia fails to plead sufficient facts to show Amazon employed him. Malia instead conflates performing his job responsibilities in interacting with Amazon representatives and in Thruway adhering to Amazon's Supplier Code of Conduct as forming a basis to be considered an Amazon employee. The Court finds such arguments unpersuasive.

Although Federal Rule of Civil Procedure 15(a) allows a court to grant an amendment "when justice so requires," a court has discretion to deny a request to amend if from the record the amendment would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). No amendment here would cure the fundamental deficiencies in Malia's CEPA claim—that Amazon employed him. Because under no set of facts could Malia show that Amazon either employed him or took retaliatory action against him, the Court **DISMISSES WITH PREJUDICE** the sole claim against Amazon.

### B. The Amended Complaint misses the plausibility mark to support a CEPA claim against Thruway.

Thruway argues Malia has yet to make out a prima facie CEPA case because the allegations fail to show how Malia had an objectively reasonable belief that Thruway acted unlawfully and there lacks a substantial nexus between the complained-of conduct and the adverse employment action. The Court agrees.

To show a CEPA retaliation claim, Malia must establish that (1) he reasonably believed that his employer's conduct was violating a law, rule or regulation; (2) he objected to the conduct; (3) the employer took an adverse employment action him; and (4) a causal connection exists between the whistleblowing activity and the adverse employment action. *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003).

The Court finds fault with the first prong because Malia has yet to plead facts to support his reasonable belief that Thruway violated a law, rule, or regulation. *Id.* That employer contributions, not deductions from employee paychecks, fund workers' compensation programs belies Malia's assertion that he believed Thruway made such wrongful deductions from its employees' paychecks. *See* Doherty Decl. ¶ 5, Ex. 3, ECF No. 15–1. Also, Thruway's actions cannot be viewed as a violation of public policy. Even if it failed to maintain workers' compensation coverage, New Jersey law requires employers to maintain an Uninsured Employer Fund to cover medical expenses for on-the-job employee injuries. *See id.* ¶ 6, Ex. 4. And although Malia complained about an alleged illegal practice and was terminated months later, the facts fail to show a causal connection between these events. *See Donofry v. Autotote Sys. Inc.*, 795 A.2d 260, 271 (N.J. Super. Ct. App. Div. 2001) (citation omitted). At the time Meyer and Thruway terminated Malia's employment in January 2017, the company had existing New Jersey workers' compensation coverage in place. *See* Doherty Decl. ¶ 7, Ex. 5.

At its core, Malia pleads an implausible amended theory to support the CEPA claim. Employers like Thruway obtain workers' compensation insurance by paying premiums to a state-run program or an insurance carrier, not through employee paycheck deductions. This undermines Malia's reasonable belief that Thruway's workers compensation practices violated law or public policy. *See Dzwonar*, 828 A.2d at 900. Also, that Thruway had workers' compensation coverage in place cuts against Malia's contention that his complaints to Meyer about the workers' compensation scheme played a significant role in his termination. Like with Amazon, because permitting an amendment would be futile, the Court **DISMISSES WITH PREJUDICE** the CEPA claim against Thruway.

## IV. CONCLUSION

For the above-stated reasons, Amazon's motion to dismiss is **GRANTED WITH PREJUDICE**. Thruway's motion to dismiss is also **GRANTED WITH PREJUDICE**. As the Court has diversity jurisdiction under 28 U.S.C. § 1332, the case against Thruway will continue on the remaining breach of contract claim. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 28, 2017**